NATHAN M. SPATZ (SBN 204769)
nathan.spatz@pillsburylaw.com
PHILIP HE (SBN 322811)
philip.he@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
725 South Figueroa Street, 36th Floor
Los Angeles, CA 90017-5524
Telephone:  213. 488.7100
Facsimile:   213.629.1033

Attorneys for Plaintiff
PREFERRED BANK

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PREFERRED BANK,<br><br>              Plaintiff,<br><br>     vs.<br><br>RBC ROYAL BANK (BAHAMAS) LIMITED,<br><br>              Defendant. | Case No.<br><br>**COMPLAINT FOR DECLARATORY RELIEF**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Preferred Bank ("Preferred Bank" or "Plaintiff") hereby alleges as follows:

## THE PARTIES

1. Preferred Bank is, and at all times relevant herein was, a California corporation with its principal place of business in Los Angeles, California, organized and existing by virtue of, and in compliance with, the laws of the State of California and authorized to do business in the County of Los Angeles, State of California. Preferred Bank is a California State Chartered Bank and is engaged in the business of deposit and loan products and services to consumer and business customers.

2. Preferred Bank is informed and believes, and thereon alleges, that RBC Royal Bank (Bahamas) Limited ("RBC Bahamas") is, and at all relevant times herein was, a bank licensed and limited company incorporated in the Commonwealth of The Bahamas, and RBC Bahamas has a bank branch in the Turks and Caicos Islands, a British Overseas Territory.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action under 28 U.S.C. § 1332(a) in that diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. Venue is proper within this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this jurisdiction.

5. Upon information and belief, RBC Bahamas has sufficient contacts to this district to permit personal jurisdiction over RBC Bahamas if this district were a separate state.

6. This action for declaratory relief is brought pursuant to 28 U.S.C. §§ 2201(a) and 2202 (declaratory relief).

//
//

# FACTUAL BACKGROUND

## A. Preferred Bank's Relationship with Sigue Corporation

7. Preferred Bank is an independent commercial bank that offers an array of banking products and services with a concentration in commercial real estate loans, business loans, treasury management, and consumer banking services.

8. Sigue Corporation ("Sigue"), a Delaware Corporation with its principal place of business in Sylmar, California, was a licensed money transmitter operating in California, among other states. Sigue had been a customer of Preferred Bank since at least 2019 and maintained several deposit accounts at Preferred Bank during that time. None of Sigue's deposit accounts were established as trust accounts, designated "for the benefit of Sigue Customers," nor otherwise had third-party beneficiaries.

9. In 2019 and 2020, Sigue took out the following three loans from Preferred Bank:

- In 2019, Preferred Bank extended to Sigue a line of credit in the initial amount of $25,000,000 ("Line of Credit").

- In 2019, Preferred Bank extended a term loan in the principal amount of $17,000,000 ("Term Loan," and together with the Line of Credit, the "Borrower Credit Facilities").

- In 2020, Preferred Bank, as agent of the Federal Reserve System, also extended to Sigue a term loan in the maximum principal amount of $7,000,000 under the Main Street Lending Program ("MSLP Term Loan").

10. The Borrower Credit Facilities were extended pursuant to the Amended and Restated Credit Agreement, originally dated September 11, 2019, and as amended and restated as of June 17, 2020 ("Preferred Credit Agreement"). The MSLP Term Loan was extended pursuant to the Main Street Loan Credit Agreement dated December 12, 2020 ("MSLP Credit Agreement," and together with the Preferred Credit Agreement, the "Credit Agreements").

COMPLAINT FOR DECLARATORY RELIEF

4909-9863-0929.v4

11. To secure the obligations set forth in the Credit Agreements, the owner and Chief Executive Officer of Sigue, Guillermo Tomas de la Vina ("Mr. De la Vina"), also entered into certain written agreements with Preferred Bank to guarantee the loans (collectively referred to herein as the "Guaranty"). Sigue's corporate subsidiaries, SGS Corporation and Groupex Financial Corporation (together with Mr. De la Vina, the "Guarantors"), also guaranteed the obligations as evidenced by the Credit Agreements, and pledged their assets to secure their guarantees.

12. Preferred Bank, Sigue, and the Guarantors entered into an Intercreditor Agreement dated December 23, 2020. Pursuant to that Intercreditor Agreement, the collateral securing the foregoing three loans is shared equally, and proceeds from any collection proceedings relating to the accelerated loans are shared on a pro rata basis equally with Preferred Bank on account of its Borrower Credit Facilities and the MSLP Term Loan.

13. Sigue first failed to pay the sums owed under the Preferred Credit Agreement on January 24, 2024 by failing to make a required $6,126,414.86 payment for the Line of Credit. That payment default was also a default under the MSLP Credit Agreement due to a cross-default provision in the MSLP Credit Agreement. Preferred Bank properly served notices of default on January 25, 2024, to Sigue, Mr. De la Vina, and the Guarantors that also guaranteed Sigue's loan obligations. Because the payment default was not cured timely, on February 29, 2024, Preferred Bank delivered written notice to Sigue, Mr. De la Vina, and the Guarantors, informing them that Preferred Bank was accelerating the obligations owed under the Credit Agreements and confirmed that Preferred Bank was electing to calculate interest as provided for in the Credit Agreements. While Preferred Bank received some modest payments after accelerating the three forgoing loans, it is still owed significant amounts under the Credit Agreements and is currently engaged in collection actions seeking to collect the amounts that remain outstanding.

14. After applying credits for all amounts paid to date, as of December 13, 2024, Preferred Bank is owed $26,404,211 in total principal and accrued interest under the Credit Agreements. Interest continues to accrue daily in accordance with the terms of the Credit Agreements. Additionally, Preferred Bank is owed for all costs of collection and for other fees owed under the Credit Agreements, which total $1,228,621 as of December 13, 2024, with collection costs continuing to accrue as well.

### B. Transfers to Preferred Bank

15. One of Sigue's accounts at Preferred Bank had an account number ending in 551 ("551 Account").

16. On or about March 22, 2024, the California Department of Financial Protection and Innovation (the "DFPI") issued an order requiring Sigue to cease all money transmission activity ("Sigue Order"). Sigue did not immediately inform Preferred Bank about the Sigue Order. Preferred Bank first learned about the Sigue Order in or about September 2024.

17. On April 23, 2024, RBC Bahamas sent a SWIFT transfer in the amount of $1,819,064.78 to the 551 Account. On April 25, 2024, RBC Bahamas sent another SWIFT transfer to the 551 Account in the amount of $31,635.00. On April 30, 2024, RBC Bahamas sent a third SWIFT transfer to the 551 Account in the amount of $3,400.12. In total, RBC Bahamas sent $1,854,099.90 in wired funds (the "Sigue Funds") to Preferred Bank for deposit to Sigue's 551 Account.

### C. Preferred Bank was Entitled to Claim Funds Sent to Sigue

18. Preferred Bank claimed and continues to claim its rights to the Sigue Funds as, in accordance with its contractual set-off rights, it had the right to apply the Sigue Funds to the accelerated amounts owed under the Credit Agreements. Because the three foregoing loans were accelerated and became immediately due and payable on February 29, 2024, Preferred Bank was owed sums far greater than the amount of the Sigue Funds at the time they were transferred to Preferred Bank.

COMPLAINT FOR DECLARATORY RELIEF

4909-9863-0929.v4

19. In addition to its contractual right to use the Sigue Funds to offset any amounts owed by Sigue to Preferred Bank, Preferred Bank reasonably believed that, in light of the Guaranty, failure to use the Sigue Funds to pay down the loans may have resulted in a claim from the individual guarantor, Mr. De la Vina.

20. In or about August 2024, RBC Bahamas claimed rights to the Sigue Funds and demanded Preferred Bank return the Sigue Funds to RBC Bahamas. RBC Bahamas claimed that Sigue was supposed to send the Sigue Funds to one of RBC Bahamas' customers, British Commercial Bank, as the ultimate beneficiary. RBC Bahamas further claimed that on or about May 9, 2024, although not required to do so, RBC Bahamas voluntarily transferred three sums in the same amount of the Sigue Funds to British Commercial Bank in order to purportedly make British Commercial Bank whole.

## FIRST CAUSE OF ACTION

### (Declaratory Relief)

21. Preferred Bank alleges and incorporates herein each and all of the allegations of Paragraphs 1 through 20, inclusive.

22. An actual controversy has arisen and now exists between Preferred Bank and RBC Bahamas with respect to their respective rights and duties to the Sigue Funds in the sum of $1,854,099.90.

23. As alleged herein, the disposition of the Sigue Funds are subject to competing claims by Preferred Bank and RBC Bahamas. Preferred Bank seeks a declaratory judgment about the disposition of the Sigue Funds, declaring that Preferred Bank has absolute rights to the Sigue Funds, whereas RBC Bahamas has no rights to the Sigue Funds.

24. A judicial declaration concerning the controversy is necessary and appropriate at this time so that the parties may ascertain their respective rights, duties, and obligations. Such declaration would inform the parties' future conduct and reduce the burden placed on Preferred Bank caused by the current unsettled state of affairs.

## PRAYER FOR RELIEF

WHEREFORE, Preferred Bank prays for judgment against RBC Bahamas as follows:

a. For a judicial declaration that Preferred Bank has absolute rights to the Sigue Funds in the sum of $1,854,099.90, and that RBC Bahamas is without rights to the Sigue Funds;

b. For costs of suit incurred herein; and

c. For such other relief as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all triable issues.

Dated: January 23, 2025    PILLSBURY WINTHROP SHAW PITTMAN LLP

By:  */s/ Nathan M. Spatz*
NATHAN M. SPATZ
PHILIP HE

Attorneys for Plaintiff
PREFERRED BANK